IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY PRESTON,<br><br>     Plaintiff,<br><br> against<br><br>CITY OF NEW YORK, JOHN DOE'S NOS. ONE THROUGH 10,, individually and in their official capacities, GILBERT ROMERO, individually and in his official capacity, FJC SECURITY, INC., and JOHN ROE'S NOS. ONE THROUGH TEN, individually and in their official capacities,<br><br>     defendants. | ECF CASE<br><br>Case No.: **07 CV 01788 (GBD)**<br><br>**AMENDED COMPLAINT**<br><br>Trial by jury is demanded on all claims so triable |

HARRY PRESTON, through his attorneys, the CATAFAGO LAW FIRM, P.C.. and JONATHAN BAUER, complaining of the defendants, alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. §12101, seeks redress for rights violated when the Plaintiff, a resident of a New York City homeless shelter was subjected to the use of excessive force by security guards employed or deployed by the City of New York or its agency while security officers employed by FJC Security, Inc. who are charged with protecting, among others, the Plaintiff herein, stood by and watched.

2. This action seeks monetary damages as well as declaratory and injunctive relief.

## PARTIES

3. Plaintiff, HARRY PRESTON ("PRESTON") is a resident of Kings County, City and State of New York.

4. Defendant, CITY OF NEW YORK, is a municipal corporation located in the City and County of New York and may hereafter be referred to as "Defendant CITY" or "CITY."

5. Defendants, JOHN DOE'S NOS. ONE THROUGH TEN, true names unknown, are believed to be security officers, peace officers and/or police officers employed by the defendant CITY either directly or through its agency, the Department of Homeless Services. Plaintiff does not know or have information concerning the residence of JOHN DOE'S NOS. ONE THROUGH TEN.

6. Defendant, GILBERT ROMERO, ("ROMERO") is believe to be a security officer, peace officer and/or police officer employed by the defendant CITY either directly or through its agency, the Department of Homeless Services. Plaintiff does not know or have information concerning ROMERO's county of residence.

7. ROMERO and JOHN DOE'S NOS. ONE THROUGH TEN may be referred to hereafter collectively as the "DOE Defendants"

8. At all times relevant to this complaint, the DOE Defendants were acting within the scope of their employment.

9. The DOE Defendants are being sued in both their individual and official capacities.

10. The CITY, DOE Defendants and ROMERO may hereafter be referred to collectively as the "CITY Defendants."

11. Defendant, FJC SECURITY, INC. ("FJC"), is a domestic New York corporation, doing business in the County of New York, registered in the County of Nassau, State of New York.

12. Defendants JOHN ROE'S ONE THROUGH TEN ("ROE"), true names unknown to Plaintiff, were at all times relevant herein, security officers in the employ of FJC Security, Inc., ("ROE Defendants"). Plaintiff does not know or have information concerning the ROE Defendants' counties of residence.

13. At all times relevant herein, the ROE Defendants were acting within the scope of their employment.

14. The ROE Defendants are being sued in both their individual and official capacities.

15. FJC and the ROE Defendants may hereafter be referred to collectively as the "FJC Defendants."

## JURISDICTION

16. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 in that this action arises under and seeks redress for the deprivation of rights secured by the Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §12131 and §504 of the Rehabilitation Act of 1973. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state law claims because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17. This action is properly brought in this Judicial District because one or more of the defendants are doing business and/or are residents of this Judicial District.

## FACTS

18. On or about March 20, 2006, PRESTON resided at the Charles Gay Shelter located on Wards Island, New York City, (hereafter, "the Shelter").

19. The Shelter is a facility of the City of New York, Department of Homeless Services ("DHS").

20. FJC provides security in the Shelter, in whole or in part.

21. The ROE Defendants were employed and/or deployed by FJC in the Shelter on the dates relevant to this Complaint.

22. The CITY provides security in the Shelter, in whole or in part.

23. The DOE Defendants were employed and/or deployed by the CITY in the Shelter on the dates relevant to this Complaint.

24. At all times relevant herein, PRESTON was (and is) disabled within the meaning of the Americans with Disabilities Act, the New York State Executive Law and the Administrative Code and Charter of the City of New York.

25. PRESTON was (and is) disabled because of, among other reasons, a mobility impairment.

26. At all times relevant herein, PRESTON's disability, including but not limited to his mobility impairment, was (and is) conspicuous and obvious.

27. The CITY had actual and/or constructive knowledge or notice of PRESTON's disabilities, including his mobility impairment.

28. FJC had actual and/or constructive knowledge or notice of PRESTON's disabilities, including his mobility impairment.

29. The ROE Defendants had actual and/or constructive knowledge or notice of PRESTON's disabilities, including his mobility impairment.

30. The DOE Defendants had actual and/or constructive knowledge or notice of PRESTON's disabilities, including his mobility impairment.

31. On March 20, 2006, PRESTON entered the Shelter and was cleared for entry through security by the ROE Defendants (FJC employees), who provided entry/exit control on that occasion.

32. PRESTON was using a walker for mobility assistance at that time.

33. After entering the shelter and in view of the ROE Defendants, PRESTON had a verbal communication with at least one of the CITY Defendants.

34. One or more of the CITY Defendants threw PRESTON to the ground and physically assaulted and battered PRESTON, all of which took place within the view of the ROE Defendants.

35. The ROE Defendants observed the incidents, including the use of force against the Plaintiff but did not intervene, including failing to call for assistance.

36. PRESTON was taken to an office, believed by him to be a security office, was handcuffed and issued a summons for disorderly conduct by one of the DOE Defendants. He was not offered medical attention (hereafter "summons" or "charge(s)").

37. The charge(s) brought against PRESTON retailiatory and/or brought as a threat, warning and/or for the purpose of intimidation.

38. The charge(s) brought against PRESTON in the summons were ultimately terminated in PRESTON's favor.

39. PRESTON suffered injuries and an exacerbation of his already physically impaired condition.

40. The Plaintiff served a claim for damages for personal injuries sustained by her as hereinbefore set forth, together with a demand for an adjustment of the same, upon the Comptroller of the CITY Defendants; more than thirty (30) days have elapsed since the service of the notice and claim, and the defendants have neglected and refused to adjust, settle, or pay the claim; the claim and notice were duly served upon the defendant within ninety (90) days after the occurrence of the complained of herein and the sustaining of the injuries; and this action was commenced within one year and ninety days from the date of the happening of the incidents complained of herein.

41. The Plaintiff has duly complied with all statutory provisions and laws applicable to the CITY Defendants, and has duly and timely complied with all the conditions precedent to the making of this claim and the bringing of this action, and that this claim has been presented, and that this action has been commenced within the period of time prescribed and provided by statute and law.

# CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

*Declaratory Judgment – Fourth and/or Fourteenth Amendments – Use of Excessive Force*

42. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 41 as if fully set forth herein.

43. The actions by the DOE Defendants as described herein amounted to the use of excessive force against Plaintiff.

44. Wherefore, Plaintiff demands a declaration that the Plaintiff was subjected to the use of excessive force by the DOE Defendants.

**SECOND CLAIM FOR RELIEF**

*Declaratory Judgment – CITY Defendants' conduct violated American with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law and codes*

45. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 44 as if fully set forth herein.

46. CITY Defendants, by their use of physical force and subsequent issuance of a summons against Plaintiff as hereinbefore described, acted in a manner that amounted to discrimination on the basis of a disability and/or was retailiatory and/or brought as a threat, warning and/or for the purpose of intimidation.

47. The Defendant CITY has failed to provide training to the DOE defendants adequate and sufficient to prevent physical injury to persons with mobility impairments, including the Plaintiff herein.

48. The conduct of the defendants amounted to discrimination on the basis of a disability in violation of the Americans with Disabilities Act and corresponding state and local law, including the

New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code.

49. Wherefore, Plaintiff demands a declaration that the conduct of the CITY Defendants violated American with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding New York State and City law and codes.

**THIRD CLAIM FOR RELIEF**

*Declaratory Judgment – FJC Defendants' conduct violated American with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law and codes*

50. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 49 as if fully set forth herein.

51. The FJC Defendants allowed, permitted, aided, abetted and/or failed to intervene into the misconduct of the DOE Defendants.

52. The conduct of the FJC defendants amounted to discrimination on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code.

53. Wherefore, Plaintiff demands a declaration that the conduct of the FJC Defendants violated American with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding New York State and City law and codes.

**FOURTH CLAIM FOR RELIEF**

*Seeking an injunction pursuant to the Fourth and/or
Fourteenth Amendments to the United States Constitution*

54. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 53 as if fully set forth herein.

55. The Plaintiff was subjected to the use of excessive force by the DOE Defendants.

56. The CITY has failed to implement appropriate training for and supervision over the DOE Defendants with respect to the use of force against residents of the Shelter, including the Plaintiff herein.

57. Wherefore, Plaintiff demands an injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring the CITY to implement an appropriate training program for and supervision of the DOE Defendants with respect to the use of force against residents of the Shelter, including the Plaintiff herein.

**FIFTH CLAIM FOR RELIEF**

*Seeking an injunction pursuant to the American with
Disabilities Act, 42 USC §12101 et seq. and corresponding
New York State and City law against the CITY Defendants*

58. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 57 as if fully set forth herein.

59. The CITY has failed to implement appropriate training for and supervision over the DOE Defendants with respect to their obligations toward disabled residents of the Shelter, including the Plaintiff herein and, or in the alternative, the DOE Defendants failed to comply with training and supervision provided.

60. Wherefore, Plaintiff demands that this Court issue an injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring that CITY provide training for and supervision over their employees relative to the conduct of those employees with residents of the shelter that are disabled, including the Plaintiff herein, and in particular concerning circumstances involving or that might involve the use of force and/or requiring that the CITY enforce same against the DOE Defendants.

**SIXTH CLAIM FOR RELIEF**

*Seeking an injunction pursuant to the American with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law against the FJC Defendants*

61. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 60 as if fully set forth herein.

62. FJC has failed to implement appropriate training for and supervision over the ROE Defendants with respect to their obligations toward disabled residents of the Shelter, including the Plaintiff herein.

63. Wherefore, Plaintiff demands that this Court issue an injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring that FJC provide training for and supervision over their employees relative to the conduct of those employees with residents of the shelter that are disabled, including the Plaintiff herein, and in particular concerning circumstances involving or that might involve the use of force.

**SEVENTH CLAIM FOR RELIEF**

*Seeking damages against the CITY Defendants for the
violation of Plaintiff's rights secured by the Fourth and/or
Fourteenth Amendments of the United States Constitution*

64. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 63 as if fully set forth herein.

65. The conduct of the CITY Defendants as set forth herein violated the Plaintiff's rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution, including the use of force and issuance of the summons.

66. The Plaintiff suffered injuries as a result.

67. Wherefore, Plaintiff demands an award of damages be made against the defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**EIGHTH CLAIM FOR RELIEF**

*Seeking damages against the CITY Defendants for the
violation of Plaintiff's rights under the Americans with
Disabilities Act, 42 USC §12101 et seq. and corresponding
New York State and City law and codes*

68. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 67 as if fully set forth herein.

69. The conduct of the CITY defendants amounted to discrimination on the basis of a disability in violation of the Americans with Disabilities Act and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code.

70. The issuance of the summons was retailiatory and/or brought as a threat, warning and/or for the purpose of intimidation within the meaning of the ADA and corresponding State and Local law.

71. The Plaintiff suffered injuries as a result.

72. Wherefore, Plaintiff demands an award of damages be made against the City Defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**NINTH CLAIM FOR RELIEF**

*Seeking damages against the FJC Defendants for the violation of Plaintiff's rights under the Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law and codes*

73. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 72 as if fully set forth herein.

74. The conduct of the FJC defendants amounted to discrimination on the basis of a disability in violation of the Americans with Disabilities Act and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code.

75. The Plaintiff suffered injuries as a result.

76. Wherefore, Plaintiff demands an award of damages be made against the FJC Defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**TENTH CLAIM FOR RELIEF**

*Seeking damages against the DOE Defendants under New York State Law*

77. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 76 as if fully set forth herein.

78. The exercise of physical force against the Plaintiff by the DOE Defendants amounted to an assault and battery upon him within the meaning of New York State common law.

79. The Plaintiff suffered injuries as a result of the use of force by the DOE Defendants.

80. The use of criminal process against the plaintiff as set forth above, was an unlawful, unreasonable, unjustifiable, negligent, reckless, wanton, willful and/or malicious.

81. The use of criminal process against the plaintiff caused her emotional upset, disruption to his life and humiliation.

82. The use of criminal process was retaliatory and/or for the purposes of intimidation and/or as a threat.

83. Wherefore, Plaintiff demands an award of damages be made against the DOE defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

**ELEVENTH CLAIM FOR RELIEF**

*Seeking damages the FJC Defendants for negligence under*
*New York State Law*

84. Plaintiff hereby repeats and reiterates the allegations of paragraphs 1 through 83 as if fully set forth herein.

85. The failure of the ROE defendants to appropriately intervene in the attack upon Plaintiff and/or allowing, permitting, aiding and/or abetting the misconduct of the DOE Defendants amounted to negligence, carelessness and/or recklessness .

86. The Plaintiff suffered injuries as a result of the use of the negligent, careless and/or reckless conduct of the ROE Defendants.

87. Wherefore, Plaintiff demands an award of damages be made against the ROE defendants, jointly and severally, in an amount to be determined by the jury upon a trial of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

(A) a Declaration on the FIRST CLAIM FOR RELIEF that Plaintiff was subject to the use of excessive force by the DOE Defendants;

(B) A Declaration on the Second CLAIM FOR RELIEF that the conduct of the CITY Defendants violated the American with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law and codes;

(C) A Declaration of the Third CLAIM FOR RELIEF that the conduct of the FJC Defendants violated the American with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law and codes;

(D) an Injunction on the Fourth CLAIM FOR RELIEF pursuant to the Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring the CITY to implement an appropriate training program for and supervision of the DOE Defendants with respect to the use of force;

(E) An Injunction on the Fifth CLAIM FOR RELIEF pursuant to the Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring that CITY provide training for and supervision over their employees relative to the conduct of those employees with residents of the shelter that are disabled, including the Plaintiff herein, and in particular concerning circumstances involving or

that might involve the use of force and/or requiring that the CITY enforce same against the DOE Defendants;

(F) An Injunction on the Sixth CLAIM FOR RELIEF pursuant to the Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding state and local law, including the New York Human Rights Law, Executive Law §290, et seq., §900 of the New York City Charter and Title 8 of the New York City Administrative Code, requiring that FJC provide training for and supervision over their employees relative to the conduct of those employees with residents of the shelter that are disabled, including the Plaintiff herein, and in particular concerning circumstances involving or that might involve the use of force;

(G) an award of damages against the CITY Defendants on the Seventh CLAIM FOR RELIEF for violations of the Plaintiff's rights secured by the Fourth and/or Fourteenth Amendments to the United States Constitution, in an amount to be determined by the jury;

(H) an award of damages against the CITY Defendants on the Eighth CLAIM FOR RELIEF for violations of Plaintiff's rights secured by Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law, in an amount to be determined by the jury;

(I) an award of damages against the FJC Defendants on the Ninth CLAIM FOR RELIEF Americans with Disabilities Act, 42 USC §12101 et seq. and corresponding New York State and City law;

(J) an award of damages against the DOE Defendants on the Tenth CLAIM FOR RELIEF pursuant to New York State Common Law in an amount to be determined by the jury;

(K) an award of damages against the FJC Defendants on the Eleventh CLAIM FOR RELIEF for negligence in an amount to be determined by the jury;

(L) Reasonable attorney fees, together with the costs and disbursements of this actions, including expert witness fees, pursuant to 42 USC §1988;

(M) Reasonable attorney fees, together with the costs and disbursements of this actions, including expert witness fees, pursuant 42 USC §12188;

(N) Any such further and different relief as to which this Court may deem just, fair and equitable.

Dated: New York, New York
December 6, 2007

                              CATAFAGO LAW FIRM, P.C.
                              *Attorneys for Plaintiff*
                              Empire State Building Suite 4810
                              350 Fifth Avenue
                              New York, New York 10118
                              (212) 239-9669 [voice]
                              (212) 239-9688 [facsimile]

                              s/_____
                                JONATHAN BAUER